# THE ATTORNEY GENERAL
## OF TEXAS
PRICE DANIEL
Gerald C. Mann



Honorable J. A. Belger
County Auditor, Travis County
Austin, Texas

Dear Sir:

Opinion No. O-5732
Re: Whether Travis County
can legally pay the Dis-
trict Clerk of Harris
County for a certified
copy of a judgment in a
felony criminal case un-
der the facts stated, and
if so, from what fund
should it be paid.

Your letter of November 19, 1943, requesting the opinion of
this department on the questions stated therein reads, in part, as fol-
lows:

"In the prosecution of felony cases in Travis County
the District Attorney frequently needs certified copies of
judgments showing the conviction of criminals in other
counties to prove a case under the habitual criminal act.

"In the present instance the District Attorney asked
for and received from the District Clerk of Harris County
a certified copy of judgment showing the conviction of a
criminal in Harris County, said certified copy to be used
in the trial of the same criminal in Travis County.

"The District Clerk of Harris County demands that
he be paid for said certified copy.

"Will you please advise me, if, under the provisions
of Article 3912e, Revised Civil Statutes of Texas, and Sec-
tions 1 and 6, of Chapter 465, Acts of the 44th Legislature,
1st Called Session, 1935, page 1762, Travis County, Texas,
can lawfully pay the District Clerk of Harris County, Texas,
for said certified copy of judgment, and if so, from what fund
should it be paid."

We have carefully considered Article 3912e, Vernon's Annotated Civil Statutes, in connection with your request and fail to find any provision in said statute authorizing the Commissioners' Court of Travis County to allow any expenses to the District Attorney of said county. However, there are certain provisions of said statute authorizing the Commissioners' Courts of various counties to allow certain expenses to District or Criminal District Attorneys. However, as above stated, we fail to find any provision of said statute applicable to Travis County.

Section 3 of Article 3899b, Vernon's Annotated Civil Statutes, authorizes the Commissioners' Courts of certain counties to allow certain expenses to District or Criminal District Attorneys. This provision of the foregoing statute is not applicable to Travis County.

Article 322, Vernon's Annotated Civil Statutes, among other things, provides that the 53rd Judicial District of Travis County shall elect a District Attorney. Articles 326k-7 and 326n, Vernon's Annotated Civil Statutes, are applicable to Travis County. Senate Bill No. 193, Acts of the 47th Legislature, Regular Session, 1941, amending Section 4 of Article 326n, Vernon's Annotated Civil Statutes, among other things, provides:

" * * * Such investigators or assistants as well as the district attorney shall be allowed a reasonable amount for expenses not to exceed six hundred ($600.00) dollars each per annum. Said district attorney shall also be authorized to appoint a stenographer who shall receive a salary not to exceed fifteen hundred ($1500.00) dollars per annum. The salaries of such investigators or assistants, and stenographer, and the expenses provided for in this section shall be paid monthly by the commissioners' court of the county comprising such judicial districts, out of the general fund of the county, or in the discretion of the commissioners' court, out of the jury fund of said county upon the certificate of the district attorney. * * *"

In view of the foregoing provision of Article 326n, Vernon's Annotated Civil Statutes, it is our opinion that the Commissioners' Court of Travis County is authorized to allow the District Attorney $600 per annum for expenses and such expenses are to be paid out of

the fund or funds named therein. For the purpose of this opinion, we assume the District Attorney of Travis County has incurred the expenses necessary to secure a copy of the judgment in a felony case, and that the Commissioners' Court of said county is authorized to allow such expenses upon the certificate of the District Attorney. Provided, of course, that such expenses do not exceed the sum of $600 per annum.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
   Ardell Williams
   Assistant

APPROVED DEC 3, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:EP:b

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN